Second Department, May, 2000

(May 1, 2000)

■ Allstate Insurance Company, as Subrogor of Louie Agostino, Respondent, v Santo Monaco et al., Appellants, et al., Defendant. [707 NYS2d 463] —In an action to recover damages for injury to property, the defendants Santo Monaco and ASP Construction Corp. appeal from an order of the Supreme Court, Kings County (Barron, J.), dated August 2, 1999, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted and the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

It is undisputed that the defendant ASP Construction Corp. (hereinafter ASP) was hired to perform carpentry work in connection with a construction project on certain property located adjacent to the plaintiff's premises which allegedly suffered property damage on or about August 31, 1994. The defendant Santo Monaco is the president of ASP. The appellants denied,

by affidavit, that any carpentry work was done on the adjacent property until after the date of the loss, thereby establishing a prima facie case of entitlement to judgment as a matter of law. The burden then shifted to the plaintiff to raise a triable issue of fact (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320). The plaintiff's contention that ASP was on the job before the date of the loss is wholly speculative, and as such, insufficient to defeat a motion for summary judgment (*see, Zuckerman v City of New York,* 49 NY2d 557).

In addition to the loss claimed to have occurred on or about August 31, 1994, the plaintiff further alleged that on or about September 1, 1994, a vehicle struck the subject premises and caused further damage. However, the plaintiff's contention, raised for the first time on appeal, that the vehicle "may well have been owned and operated by ASP Construction" is also speculative, and as such, insufficient to raise a triable issue of fact (*see, Zuckerman v City of New York, supra*). Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.